UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THE VILLAS AT APPLE CREEK CONDOMINIUM
UNIT OWNERS ASSOCIATION, INC.

                 Plaintiff,

     v.                                   Case No. 24-CV-274

STATE FARM FIRE AND CASUALTY COMPANY,

                 Defendant.

# ORDER

Before the court is plaintiff The Villas at Apple Creek Condominium Unit Owners Association, Inc.'s Motion for Declaratory Judgment. (ECF No. 35.) The motion seeks declaratory judgment that the "accidental direct physical loss" covered by the insurance policy (ECF No. 27-1) issued by State Farm Fire and Casualty Company includes coverage for both "functional" and "non-functional" hail damage to the covered structures. (ECF No. 36, at 1–2.)

Apple Creek alleges that two hailstorms damaged several structures and that State Farm wrongfully denied Apple Creek's valid claim for coverage under the policy. (ECF No. 1-1 ¶¶ 6–20.) Plaintiff's motion requests declaratory judgment on an issue of contractual interpretation: whether "accidental direct physical loss" as used within the insurance policy includes "non-functional hail damage." (ECF No. 36, at 1–2.) The term is not defined in the policy. (*See* ECF No. 27-1.)

The Declaratory Judgment Act provides, "[i]n a case of actual controversy within its jurisdiction … any court of the United States … may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Declaratory judgment is proper only where there exists a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

The remedy of declaratory judgment is discretionary, not obligatory. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). The Declaratory Judgment Act confers on federal courts "unique and substantial discretion" in determining whether to declare the rights of the parties. *MedImmune*, 549 U.S. at 136.

The trial court's discretion is not without limits. *See id.* at 127 (discussing the requirement that suits for declaratory judgment be justiciable). The Supreme Court bars the use of the Declaratory Judgment Act for the purpose of carving out one question from a larger claim or to seek an advance ruling on a portion of a potential defense. *Calderon v. Ashmus*, 523 U.S. 740, 746–48 (1998). Instead, district courts are guided to reserve judgment under the Act to instances where the controversy could be "completely resolved by the declaratory judgment sought by the plaintiff." *Calderon*, 523 U.S. at 749 (citing *Steffel v. Thompson*, 415 U.S. 452, 460–62 (1974)); *accord NUCOR Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V.*, 28 F.3d 572, 579 (7th Cir. 1994) (noting that the "standards generally to be applied in exercising

discretion to hear a declaratory judgment action are whether a declaratory judgment will settle the particular controversy and clarify the legal relations in issue.").

The question presented by Apple Creek's motion is limited to whether "accidental direct physical loss" as used within the insurance policy includes "non-functional hail damage." (ECF No. 36, at 1–2.) Declaratory judgment in Apple Creek's favor could not completely resolve the controversy: the factual issue of whether the structures in question suffered hail damage, functional or not, would remain unresolved. (ECF No. 44, at 13 ("As noted above, it has not been established that there actually was any such 'nonfunctional damage,' as State Farm vehemently disputes that the granule displacement was caused by hail.").) Apple Creek's additional allegations that State Farm breached the policy by failing to timely adjust the claim, conduct a diligent investigation, and issue timely payment of the claim would, likewise, remain unresolved. (ECF No. 1-1, ¶ 19.)

The declaratory judgment sought would not completely resolve the controversies at issue, but would simply carve out a single issue. *See Calderon*, 523 U.S. at 749 (concluding that the declaratory judgment sought was not justiciable because the plaintiff's requested relief "would not completely resolve those challenges, but would simply carve out one issue in the dispute for separate adjudication."). Considering the arguments set forth and the guiding precedent, it is not appropriate for the court to render judgment on the question presented.

3
Case 1:24-cv-00274-BBC     Filed 07/08/25     Page 3 of 4     Document 52

**IT IS THEREFORE ORDERED** that the plaintiff's motion is **DENIED**.

Dated at Green Bay, Wisconsin this 8th day of July, 2025.

*s/ Byron B. Conway*
BYRON B. CONWAY
United States District Judge
